UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
AUG - 5 2021
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

|  |  |
|---|---|
| BRETT ANDREW NELSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DAVID MARK WAITE, *et al.*, )<br>)<br>Defendant. )<br>) | Civil Action No. 21-1868 (UNA) |

## MEMORANDUM OPINION

This matter is before the Court on review of *pro se* plaintiff's application to proceed *in forma pauperis* (ECF No. 2), as well as his "Notice of Arrest," "Criminal Complaint," and "Affidavit in Support of Criminal Complaint and Arrest" (ECF No. 1, "Compl."). Plaintiff alleges that Defendants have violated several federal criminal statutes: (1) 18 U.S.C. § 1581(a) (peonage); (2) 18 U.S.C. § 241 (conspiracy against rights); (3) 18 U.S.C. 242 (deprivation of rights under color of law); and (4) 18 U.S.C. § 2381 (treason). See Compl. ¶¶ 16-18, 21. Plaintiff also alleges that Defendants violated 7 U.S.C. § 2357 (unauthorized practice before the Office of Plant Variety Protection) and 8 U.S.C. § 1324(a) (harboring certain aliens). See Compl. ¶¶ 19-20. Plaintiff asks "this court [to] issue warrants and detain Defendants and bring forth Defendants to answer for the crimes committed under the colour of law and authority." *Id.* at 12 (page number designated by CM/ECF).

But the complaint fails to state claims upon which relief can be granted. The complaint does not say which Defendant committed which actions or allege that Plaintiff was harmed because of those actions, so the Court cannot "draw the reasonable inference that the defendant is liable for the misconduct

1

alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Additionally, the Executive Branch, not a federal court, initiates criminal proceedings.  *See United States v. Nixon*, 418 U.S. 683, 693 (1974) (acknowledging that the Executive Branch "has exclusive authority and absolute discretion to decide whether to prosecute a case").  Plaintiff is "a private citizen [who] lacks a judicially cognizable interest in the prosecution or nonprosecution of another."  *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).

Lastly, Plaintiff cites only one statute that includes a private right of action—7 U.S.C. § 2357.  *See McCray v. Holder*, 391 F. App'x 887, 888 (D.C. Cir. 2010) (per curiam) (concluding that "district court correctly held that there is no private right of action under 18 U.S.C. §§ 241 and 242"); *Thomas v. Thomas*, No. 18-CV-00825, 2018 WL 5099668, at *2 (N.D. Cal. Mar. 12, 2018) (concluding that no private right of action exists under 18 U.S.C. § 1581), *report and recommendation adopted*, No. 18-CV-00825, 2018 WL 5099224 (N.D. Cal. May 8, 2018); *Nguyen v. Ridgewood Sav. Bank*, No. 14-CV-1058, 2015 WL 2354308, at *13 (E.D.N.Y. May 15, 2015) (finding that 18 U.S.C. § 2381 "do[es] not provide a private right of action"); *Biran v. JP Morgan Chase & Co.*, No. 02-CV-5506, 2002 WL 31040345, at *1 (S.D.N.Y. Sept. 12, 2002) (dismissing for lack of subject matter jurisdiction claims under 8 U.S.C. §§ 1182(n) and 1324(b) "because no private right of action  exists to enforce those statutory provisions").  But Plaintiff does not allege facts demonstrating that any Defendant practiced before the Office of Plant Variety Protection, and, therefore, it appears that 7 U.S.C. § 2357 is not applicable.

The Court will thus grant Plaintiff's application to proceed *in forma pauperis* and dismiss the complaint.  An Order is issued separately.

DATE:  August 4, 2021

　　　　　　　　　　　　　　　　　　　　　　　　　　　/s/ Carl J. Nichols
　　　　　　　　　　　　　　　　　　　　　　　　　　　CARL J. NICHOLS
　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge